UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. MAHONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV71 TIA |
| | ) | |
| TRANS-UNION CREDIT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 507024), an inmate at Farmington Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.97. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed for lack of subject matter jurisdiction. See Fed.R.Civ.P.12(h)(3).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $10.98, and an average monthly balance of $0. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.97, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the

Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, an inmate at Farmington Correctional Center, brings this instant action in this Court against Trans-Union Credit, Experian Credit and Equifax Credit. Plaintiff has not articulated a basis for this Court's jurisdiction, nor has he stated the exact cause of action he is bringing against defendants.

In his "Statement of Claim" plaintiff asserts that he has "been in constant contact by mail and attempts by phone to straighten out false information on [his] credit report file." Although it is far from clear, it appears that plaintiff is asserting that he was the alleged victim of identity theft, and he has contacted defendants to ask them to remove information from his credit files relating to collection charges on credit cards for purchases made by the alleged perpetrator of the identity fraud. According to plaintiff, he was told by defendants that he would have to provide information to them about the alleged identity theft, include his photo ID, a copy of a police report relating to the alleged identify theft, and a letter regarding his current incarceration. Plaintiff states that

"[e]ven tho [sic] the collection companies I wrote that were on my report removed me from collections due to ID theft, Trans-Union still won't remove them from my credit file."

**Discussion**

At the outset, the Court notes that plaintiff has failed to state the grounds for filing the instant action in Federal Court. Plaintiff does not set forth any laws or constitutionally-protected rights that defendants allegedly have violated. See 28 U.S.C. § 1331. Plaintiff's sole allegations against defendants are that they have refused to "acknowledge all mail and phone calls to prove that ID theft [has been] reported on [his] credit report and to remove said false information from [his] credit report."

Although the Court must liberally construe plaintiff's factual allegations, it will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. See Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir.1996) (pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure); U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994) (pro se litigants must abide by the Federal Rules of Civil Procedure); Boswell v. Honorable Governor of Texas, 138 F.Supp.2d 782, 785 (N.D. Texas 2000) (same).

Furthermore, liberally construing the complaint as being brought under 28 U.S.C. § 1332, the Court will dismiss the action, without prejudice, for lack of subject matter jurisdiction. The amount in controversy is unspecified, and plaintiff has insufficiently alleged diversity of citizenship. See 28 U.S.C. § 1332.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $2.97 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because plaintiff has failed to plead a jurisdictional basis for this action. See Fed.R.Civ.P.12(h)(3).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of June, 2014.

                                            E. RICHARD WEBBER
                                            SENIOR UNITED STATES DISTRICT JUDGE